# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES THOMAS BRAMLETTE; THE PELORUS GROUP, LLC; ANTHONY MARK HARTMAN; PRIVATE PLACEMENT CAPITAL NOTES II, LLC; STONE MOUNTAIN EQUITIES, LLC; TRAVIS KOZLOWSKI; ENTELECUS FUND, LLC; AARON JOHN WERNLI,<br><br>　　　　Defendants. | **ORDER ENTERING CIVIL JUDGMENT AS TO DEFENDANTS ANTHONY MARK HARTMAN, PRIVATE PLACEMENT CAPITAL NOTES II, LLC, AND STONE MOUNTAIN EQUITIES, LLC**<br><br>2:18-cv-00761-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

The court having decided the Securities and Exchange Commission's (SEC) Motion for Final Judgment Ordering: (1) Disgorgement, Prejudgment Interest, and Civil Penalty Against Defendant Anthony Mark Hartman (Hartman); and (2) Civil Penalties Against Defendants Private Placement Capital Notes II, LLC (PPCN) and Stone Mountain Equities, LLC (SME), pursuant to their respective Consents[1] and the court's Orders Granting Consent to Entry of Final Judgments,[2] and there being no just reason for delay:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Hartman, PPCN, and SME are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act)[3] and Rule 10b-5 promulgated

---

[1] *See* Dkt. 185, Dkt. 188, and Dkt. 189.

[2] *See* Dkt. 186, Dkt. 190, and Dkt. 191.

[3] 15 U.S.C. § 78j(b).

thereunder,[4] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hartman, PPCN, and SME are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the Securities Act)[5] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

---

[4] 17 C.F.R. § 240.10b-5.

[5] 15 U.S.C. § 77q(a).

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hartman, PPCN, and SME are each permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity owned or controlled by any Defendant, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering provided, however, that such injunction shall not prevent Hartman, PPCN, or SME from purchasing or selling securities listed on a national securities exchange for their account.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: (a) Defendant Hartman is liable for disgorgement of $5,696,753.00 together with prejudgment interest thereon in the amount of $642,485.15, (b) Defendant SME is liable for disgorgement of $3,418,851.00 together with prejudgment interest thereon in the amount of $297,921.94, and (c) Defendant PPCN is liable for disgorgement of $2,277,902.00 together with prejudgment interest thereon in the amount of $198,498.56, and that these disgorgement amounts represent net profits gained as a result of the Defendants' conduct and which is being ordered for the benefit of investors.  Defendant Hartman shall satisfy this obligation by paying $6,339,238.15; Defendant SME shall satisfy this obligation by paying $3,716,772.94; and Defendant PPCN shall satisfy this obligation by paying $2,476,400.56, to the SEC pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court, the Defendant in this action making the payment, and specifying that payment is pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

4

identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The SEC may enforce this Judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment.

Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 U.S.C. § 1961.

The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the Fund), pending further order of the court.  The SEC may propose a plan to distribute the Fund subject to the court's approval.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hartman's disgorgement obligation of $6,339,238.15 shall be offset by an amount equal to any payments of disgorgement made by Defendant PPCN or Defendant SME.  Defendant Hartman's disgorgement obligation shall not be offset by any civil penalties paid by Defendant PPCN or Defendant SME.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hartman, PPCN, and SME shall pay the total of disgorgement and prejudgment interest due in full within the later of: (1) 180 days after January 20, 2021, or (2) 30 days after entry of this Judgment.  Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §

1961 on any unpaid amounts due after 30 days of the entry of Judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the SEC for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the court.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hartman shall pay a civil penalty in the amount of $5,696,753.00; Defendant SME shall pay a civil penalty in the amount of $3,418,851.00; and Defendant PPCN shall pay a civil penalty in the amount of $2,277,902.00, to the SEC pursuant to Section 20(d) of the Securities Act[6] and Section 21(d)(3) of the Exchange Act.[7] Defendants shall make payment within 30 days after entry of this Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

---

[6] 15 U.S.C. § 77t(d).

[7] 15 U.S.C. § 78u(d)(3).

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; the Defendant making the payments as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, each Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The SEC shall send the funds paid in civil penalties pursuant to this Judgment to the United States Treasury.

The SEC may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 USC § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

SO ORDERED this 10th day of February 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge