UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES THOMAS BRAMLETTE; THE PELORUS GROUP, LLC; ANTHONY MARK HARTMAN; PRIVATE PLACEMENT CAPITAL NOTES II, LLC; STONE MOUNTAIN EQUITIES, LLC; TRAVIS KOZLOWSKI; ENTELECUS FUND, LLC; and AARON JOHN WERNLI,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR LEAVE OF COURT TO TAKE THE REMOTE DEPOSITION OF ANTHONY MARK HARTMAN AND EXTENSION OF TIME TO FILE REPLY (DOC. NO. 216)**<br><br>Case No. 2:18-cv-00761-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Leave of Court to Take the Remote Deposition of Anthony Mark Hartman and Extension of Time to File Reply (Doc. No. 216). The SEC seeks leave to depose Defendant Anthony Mark Hartman in connection with its motion for disgorgement and civil penalties, (Doc. No. 198), as well as an extension of the deadline to file a reply in support of that motion. For the reasons set forth below, the motion (Doc. No. 216) is GRANTED IN PART, subject to the limitations described in this order.

BACKGROUND

The SEC brought this action against Mr. Hartman, his companies Private Placement Capital Notes II, LLC ("PPCN") and Stone Mountain Equities, LLC ("SME"), and other defendants, alleging they perpetrated a fraudulent investment scheme in violation of federal

1

securities laws.  (*See* Compl. ¶¶ 1–3, Doc. No. 2.)  Mr. Hartman filed an answer in which he invoked the Fifth Amendment privilege to every allegation of the Complaint.  (Anthony Mark Hartman's Answer to Compl., Doc. No. 76.)  Mr. Hartman then moved to stay this action pending the outcome of a related criminal case against him.  (Mot. to Stay Civil Case Pending Outcome of Crim. Proceedings, Doc. No. 82.)  The court denied the motion to stay but required the SEC to seek the court's leave before deposing Mr. Hartman.  (Order Den. Mot. to Stay Civil Case Pending Outcome of Crim. Proceedings, Doc. No. 92.)  The SEC did not depose Mr. Hartman during the fact discovery period.

In September 2020, Mr. Hartman provided a declaration in support of a motion to set aside a default judgment entered against his companies, PPCN and SME.  (Decl. of Anthony Mark Hartman ("Hartman Decl. re: Default J."), Doc. No. 148.)  In the declaration, he addressed and disputed some of the factual allegations in the Complaint regarding the investment scheme.  (*Id.* ¶¶ 9–45.)

In December 2020, Mr. Hartman consented to entry of a final judgment against him, with the amount of disgorgement and civil penalties to be determined.  (Consent of Anthony Mark Hartman, Doc. No. 185.)  The court's order regarding his consent contained the following provision, to which Mr. Hartman stipulated:

> The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Securities and Exchange Commission ("SEC"). . . . In connection with the SEC's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) *Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint*; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) *solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court*; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  *In connection with the SEC's motion for disgorgement and civil*

> *penalties, the parties may take discovery*, including discovery from appropriate non-parties.

(Order Granting Consent to Entry of Final J. as to Def. Anthony Mark Hartman ("Consent Order") 3–4, Doc. No. 186 (emphasis added); *see also* Consent of Anthony Mark Hartman 3, Doc. No. 185.)  PPCN and SME also consented to entry of judgment on similar terms.  (*See* Consents, Doc. Nos. 188 & 189; Orders Granting Consents, Doc. Nos. 190 & 191.)

The SEC then filed a motion for disgorgement and civil penalties against Mr. Hartman, PPCN, and SME.  ("Mot. for Disgorgement and Civil Penalties," Doc. No. 198).  These defendants filed a response opposing the motion only as to the assessment of civil penalties.  (Resp. & Opp'n to Pl.'s Mot. for Civil Penalties 2, Doc. No. 215.)  In support of this opposition, Mr. Hartman filed a declaration regarding his financial circumstances and attached bank statements and other financial records.  (Ex. A to Opp'n to Mot. for Civil Penalties, Decl. of Anthony Mark Hartman ("Hartman Decl. re: Civil Penalties"), Doc. No. 215-1.)  The SEC then filed the instant motion seeking leave to depose Mr. Hartman and an extension of time to file a reply in support of the motion for disgorgement and civil penalties.  (Mot., Doc. No. 216.)

## DISCUSSION

The SEC argues Mr. Hartman waived his Fifth Amendment privilege in his two declarations, and it seeks to depose Mr. Hartman about those declarations and the attached exhibits.  (Mot. 1, 4, Doc. No. 216.)  In his opposition, Mr. Hartman argues a deposition would not aid the court in determining the appropriate amount of civil penalties because the court already has "ample evidence and testimony to make an appropriate determination" on this issue.  (Def. Anthony Mark Hartman's Opp'n to Pl. Taking his Dep. ("Opp'n to Mot.") 3–4, Doc. No. 218.)  He also argues a deposition would cause delay and would waste the court's and the parties' resources.  (*Id.* at 4.)

"The Fifth Amendment allows an individual to not answer official questions put to him in any . . . proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Sec. & Exchange Comm'n v. Smart*, 678 F.3d 850, 854 (10th Cir. 2012) (alteration in original; internal quotation marks omitted). However, a party may not use the Fifth Amendment privilege as both a shield and a sword, by invoking the privilege to protect against discovery and then withdrawing the invocation later to defend on the merits. *See id.* at 854–55; *United States v. $ 148,840.00 in U.S. Currency*, 521 F.3d 1268, 1277 (10th Cir. 2008). "[T]o prevent a party from converting the Fifth Amendment privilege from its intended use as a shield against compulsory self-incrimination into an offensive sword, a district court may strike conclusory testimony if the witness asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause." *Smart*, 678 F.3d at 854–55 (internal quotation marks omitted).

In this case, the SEC does not argue Mr. Hartman's statements should be stricken, but instead seeks to depose Mr. Hartman on the matters addressed in his declarations. (Mot. 1, 4, Doc. No. 216.) The request for a deposition is reasonable given the circumstances presented here. Mr. Hartman does not dispute he has now waived the Fifth Amendment privilege as to the matters addressed in his two declarations. However, his prior invocation of privilege effectively prevented the SEC from deposing him during fact discovery. Mr. Hartman cannot be permitted to waive privilege in order to make statements advantageous to his position on civil penalties while also preventing the SEC from conducting discovery regarding the same issues. Because Mr. Hartman asks the court to consider his statements in determining the amount of civil penalties, it is appropriate to allow the SEC to investigate and challenge those statements through a deposition which was previously foreclosed by his invocation of privilege. Moreover, the

court's prior order expressly permits the parties to take discovery in connection with the SEC's motion for disgorgement and civil penalties. (Consent Order 4, Doc. No. 186.) Under these circumstances, rather than striking Mr. Hartman's statements, the court will allow the SEC to depose Mr. Hartman on matters which are relevant to the disputed civil penalties issue and for which Mr. Hartman waived the Fifth Amendment privilege.

The SEC argues it should be permitted to depose Mr. Hartman on all matters addressed in his two declarations and the attached exhibits. However, Rule 26 of the Federal Rules of Civil Procedure limits the scope of discovery to nonprivileged matters which are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). At this stage of the case, the only remaining disputed issue involving Mr. Hartman is the appropriate amount of civil penalties. Moreover, Mr. Hartman has consented to have the allegations of the Complaint deemed true for purposes of this determination. Thus, the deposition must be limited to matters relevant to determining the amount of civil penalties, and only to those disputed matters not addressed in the allegations of the Complaint to which Mr. Hartman has already admitted.

The amount of civil penalties imposed for violations of federal securities laws is "determined by the court in light of the facts and circumstances." 15 U.S.C. §§ 78u(d)(3)(B)(i), 77t(d)(2)(A). The SEC asks the court to impose third-tier penalties under the statutes at issue, which apply to violations that (i) involve "fraud, deceit, manipulation, or reckless disregard of a regulatory requirement" and (ii) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *Id.* §§ 78u(d)(3)(B)(iii), 77t(d)(2)(C). In assessing an appropriate civil penalty, courts consider a number of factors, including:

> (1) the egregiousness of the violations at issue, (2) defendants' scienter, (3) the repeated nature of the violations, (4) defendants' failure to admit to their

>wrongdoing; (5) whether defendants' conduct created substantial losses or the risk of substantial losses to other persons; (6) defendants' lack of cooperation and honesty with authorities, if any; and (7) whether the penalty that would otherwise be appropriate should be reduced due to defendants' demonstrated current and future financial condition.

*Sec. & Exchange Comm'n v. Merrill Scott & Assocs.*, No. 2:02-cv-00039, 2006 U.S. Dist. LEXIS 87706, at *13 (D. Utah Nov. 28, 2006) (unpublished) (citation omitted). Courts also frequently consider the factors used for determining the appropriateness of injunctive relief, including "the seriousness of the violation, the degree of scienter, whether the defendant's occupation will present opportunities for future violations and whether defendant has recognized his wrongful conduct and gives sincere assurances against future violations." *Sec. & Exchange Comm'n v. Smart*, No. 2:09-cv-00224, 2011 U.S. Dist. LEXIS 61134, at *51 (D. Utah June 6, 2011) (unpublished) (citation omitted) (listing factors for injunctive relief), *aff'd*, 678 F.3d 850; *id.* at *55 (applying those factors in assessing civil penalties).

Mr. Hartman's first declaration was submitted in support of a motion to set aside a default judgment, and it does not specifically address the issue of civil penalties. (*See* Hartman Decl. re: Default J., Doc. No. 148.) Instead, it focuses in large part on refuting allegations in the Complaint regarding whether the investment scheme violated securities laws. (*See id.* at ¶¶ 9–45.) However, Mr. Hartman has now admitted to violating securities laws and consented to have the allegations of the Complaint deemed true for purposes of the civil penalties determination. (*See* Consent of Anthony Mark Hartman, Doc. No. 185.) Accordingly, his prior statements refuting those allegations are no longer relevant to this determination. The remainder of the first declaration addresses whether and when Mr. Hartman and his companies received notice of various filings and orders in this lawsuit, which is also irrelevant to the civil penalties issue. (*See*

Hartman Decl. re: Default J. ¶¶ 46–66, Doc. No. 148.) For these reasons, the SEC is not permitted to depose Mr. Hartman regarding the statements in his first declaration.

Mr. Hartman's second declaration, on the other hand, was submitted in opposition to the SEC's motion for civil penalties and primarily addresses his financial condition. (*See* Hartman Decl. re: Civil Penalties ¶¶ 5–9, Doc. No. 215-1.) The exhibits attached to the second declaration also relate to Mr. Hartman's financial condition. This is one of the factors relevant to determining the amount of civil penalties, *see Merrill Scott & Assocs.*, 2006 U.S. Dist. LEXIS 87706, at *13, and it is beyond the scope of the allegations in the Complaint which Mr. Hartman admitted. Accordingly, this topic is relevant to the disputed issues before the court on the SEC's motion for civil penalties. Therefore, the SEC may depose Mr. Hartman regarding his financial condition, including the exhibits attached to the second declaration concerning this topic.

Mr. Hartman made several other statements in his second declaration, including that he "endeavored to keep [his] investors informed of all their investments" and "hope[s] to make them whole again someday." (Hartman Decl. re: Civil Penalties ¶¶ 10–11, Doc. No. 215-1.) The SEC contends these statements dispute the allegations of the Complaint regarding his wrongdoing and scienter, and it seeks to depose him on these topics. (Mot. 3, Doc. No. 216.) The egregiousness of the violations and degree of scienter are factors relevant to the determination of civil penalties. *See Merrill Scott & Assocs.*, No. 2:02-cv-00039, 2006 U.S. Dist. LEXIS 87706, at *13. However, to the extent Mr. Hartman's statements on these topics are contrary to the allegations of the Complaint, the SEC may simply point to Mr. Hartman's admission of those allegations for purposes of the civil penalties determination. For this reason, a deposition on these topics is not proportional to the needs of the case. The SEC is only permitted to depose Mr. Hartman on the topic of his financial condition.

Where the deposition is limited to Mr. Hartman's financial condition and the exhibits attached to the second declaration concerning this topic, the court finds the deposition is relevant to the disputed issues regarding civil penalties and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). For the reasons set forth above, the SEC's motion (Doc. No. 216) is GRANTED IN PART, and the court ORDERS as follows:

1. Mr. Hartman shall appear for a remote, video deposition within fourteen (14) days of this order. Counsel for the SEC and Mr. Hartman shall meet and confer regarding the date and time of the deposition.

2. The deposition shall be limited to questions concerning Mr. Hartman's financial condition and the exhibits attached to his second declaration concerning this topic (Doc. No. 215-1).

3. The deadline for the SEC to file a reply in support of the motion for disgorgement and civil penalties (Doc. No. 215) is extended to May 28, 2021.[1]

DATED this 30th day of April, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[1] The court previously granted the requested extension until May 10, 2021 to file a reply. (*See* Docket Text Order at Doc. No. 217.) Based on the timing of this order, the court finds good cause to further extend the reply deadline to allow adequate time for the SEC to conduct the deposition and prepare its reply.